IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DEIDRA BYRD,**

    **Plaintiff,**

v.                                                                           Civil Action No. 3:20cv979

**ELLEN MARIE HESS,** *et al.***,**

    **Defendants.**

## ORDER

On December 22, 2020, Plaintiff Deidra Byrd filed a Motion for Leave to Proceed *in forma pauperis* with her Complaint attached. (ECF No. 1.) The record reflects that Byrd filed a short form application to proceed without prepaying costs or fees rather than the appropriate long form. The Court DIRECTS the Clerk to send Byrd the correct long form *in forma pauperis* application. Byrd must complete the long form *in forma pauperis* application and return it to the Court no later than February 1, 2021. Failure to comply with this request will result in the case being dismissed without prejudice.

The Court has reviewed Byrd's proffered Complaint, which spans five pages. As best the Court can discern, Byrd claims that Defendants violated her due process rights when the "Virginia Unemployment Compensation Commission . . . failed to notice a hearing, failed to give [Byrd] an opportunity to be heard which must be granted at a meaningful time and in a meaningful manner," and did not grant her unemployment compensation claim filed on August 13, 2020. (Compl. 4, ECF No. 1–1.) The proffered Complaint does not comply with Federal

Rule of Civil Procedure 8, which requires a short and plain statement of the grounds for this Court's jurisdiction and Byrd's claims for relief.[1]

As a result, the Court ORDERS that the Clerk provisionally file the proffered Complaint; and it is further ORDERED that, no later than February 1, 2021, Byrd SHALL file an Amended Complaint, which outlines in simple and straightforward terms why she thinks that she is entitled to relief and why the Court has jurisdiction over her case. *See* Fed. R. Civ. P. 8(a)(1) and (2).

The Amended Complaint SHALL COMPLY with the following directions:

1. At the very top of the amended pleading, Byrd must place the follow caption in all capital letters: "AMENDED COMPLAINT FOR CIVIL ACTION NUMBER: 3:20cv979."

2. The first paragraph of the particularized amended complaint must contain a list of defendant(s). Thereafter, in the body of the particularized amended complaint, Byrd must set forth in separately numbered paragraphs a short statement of the facts giving rise to her claims for relief. Thereafter, in separately captioned sections, Byrd must clearly identify each federal or state law allegedly violated. Under each section, Byrd must list each defendant purportedly liable under that legal theory and explain why she believes each defendant is liable to her. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized amended complaint that support that assertion.

3. Byrd shall also include the relief she requests – what in the law is called a "prayer for relief."

4. The particularized amended complaint must stand or fall on its own accord. Byrd may not reference statements in the prior complaint.

5. The particularized amended complaint must omit any unnecessary incorporation of factual allegations for particular claims and any claim against any defendant that is not well-grounded in the law and fact. *See Sewraz v. Guice*, No. 3:08cv035, 2008 WL 3926443, at *2 (E.D. Va. Aug. 26, 2008).

---

[1] The Federal Rules of Civil Procedure require that "[a] pleading that states a claim for relief . . . contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. Rule 8(a)(1)–(2). To satisfy Rule 8, Byrd must provide the Court with facts and specific allegations to support her claims for relief.

The failure to strictly comply with the Court's directives and with applicable rules will result in DISMISSAL OF THIS ACTION WITHOUT PREJUDICE for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

Let the Clerk send a copy of this Order to Byrd at her address of record.

It is SO ORDERED.

                                                 /s/
                                      M. Hannah Lauck
                                  United States District Judge

Date: December 28, 2020
Richmond, Virginia
3